# Gabriel Long, for the use of Walling, *vs.* Jesse Long.

### *Error to Muscatine.*

Where suit is brought in the name of the payee, for the use of the **endorsee** of a promissory note, the maker may set up want of consideration.

Although the words " witness my hand and seal," are contained in the body of an instrument, this does not render it a specialty, unless there be a seal or scrawl actually attached thereto.

This was an action of debt, brought upon the following instrument:

" On or before the first day of February next, I promise to pay Gabriel Long, the value and full sum of two hundred dollars, for value received of him, as witness my hand and seal this 2d day of February, A. D. 1838.                         (Signed.)      WM. LONG. "

On which were the followinging endorsements :

" For value received, I assign the within to Jerome B. Walling, this 12th Dec. 1838.                    (Signed)    GABRIEL LONG. "

" For value received I assign the within to Jesse D. Walling.    February 5, 1839.              (Signed)      JEROME B. WALLING. "

To this there was a plea of Nil debet, on which a judgment was rendered for the plaintiff.    The other material facts may be gathered from the opinion of the court.

BY THE COURT, MASON, CHIEF JUSTICE.—The note on which this suit was brought was given by William Long to Gabriel Long, and afterwards came by two endorsements into the possession of Walling. The first of these endorsements was made before the note became due, the other afterwards.    The body of the note contained the words "witness my hand and seal," but no seal or scrawl was affixed to the name of William Long.    The suit was brought in the name of Gabriel Long for the use of Walling.

The bill of exceptions states, among other things, that on the trial of the cause, the defendant below offered to prove, that the note was given without consideration, which was objected to, and the objection sustained by the court.    This appears to be substantially the same error for which the judgment in the case of Temple vs. Hays & Hendershott, was reversed at the last term of this court, and we see nothing to create a distinction between the two cases.

It is objected that in this case, the defendant below neither pleaded nor gave notice of a want of consideration ; but was that necessary ?    In assumpsit, want of consideration may be given in evidence under the general issue, 1, *Chitty's Plead.* 511.    And it seems, that nearly the same matters may be given under the plea of *nil debet* in actions of debt.    1 *Chitty,* 517, note (p.)    We are inclined to think, that no notice, or plea of want of consideration was necessary to enable the defendant to give evidence of that fact in his defence.

But, it is contended for the defendant in error, that the instrument declared on, was a speciality, to which want of consideration would be no defence. It has sometimes been decided, that the existence of the seal, or scrawl was not sufficient to constitute a speciality, unless the same were referred to in the body of the instrument, but we are not aware that the allusion to the seal in the instrument, as in this case, is of itself sufficient to constitute a speciality, in the absence both of the scrawl and the seal. We think such certainly would not be the case.

We will merely observe in conclusion, that in one respect, this is a stronger case for the plaintiff in error than that of Temple vs. Hays & Hendershott, above quoted. There the instrument declared on was negotiable. Had the holder of the note in that case availed himself of the right of sueing in his own name, fraud or want of consideration in in the origin of the note, would have been no defence. But in the present instance, the note was not negotiable, but is to be governed by the rules applicable to ordinary *choses in action*. In all such cases, want of consideration between the original parties, is a good defence to a suit brought for the use of the assignee. *Chitty on Bills.*, 9. The judgment below is therefore set aside, and a new trial granted.